# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID LEVERING LEWIS, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br><br>              Defendant. | Civil Action No. 17-02598 (TSC) |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER
## TO VERIFIED COMPLAINT

Defendant District of Columbia (District) answers plaintiffs' Verified Complaint (Complaint). *See* Fed. R. Civ. P. 7(a), 8(b), and 12(b). For ease of reference, the District utilizes the headings in the Verified Complaint to respond below.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

In response to the numbered allegations of the Complaint, the District states as follows:

### INTRODUCTION

1.     The District admits the allegations in paragraph 1 of the Complaint.

2.     The allegations in paragraph 2 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

3.     The District denies the allegations in the first and second sentence of paragraph 3 of the Complaint. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 3 of the Complaint.

4.     The District admits only that Mr. Lewis was placed at the Judge Rotenberg Educational Center (JRC) in 1987 and lacks sufficient knowledge and information to answer the remaining allegations in paragraph 4 of the Complaint.

5.     The District lacks sufficient knowledge and information to answer the allegations in the first sentence of paragraph 5 of the Complaint. The allegations in the second sentence of paragraph 5 are plaintiffs' legal conclusions to which no answer is required. The District admits that the District funded Mr. Lewis's care at JRC.

6.     The allegations in paragraph 6 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

7.     The District admits only that Mr. Lewis was placed at Melmark of Pennsylvania in 2013 and denies the remaining allegations in paragraph 7 of the Complaint.

8.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 8 of the Complaint.

9.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 9 of the Complaint.

10.     The District admits that on April 4, 2017, Melmark sent DDS a letter stating the letter was to serve as a "90 day notice to find alternative placement."

11.   ██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████ The District denies the remaining

allegations in paragraph 11 of the Complaint.

12.   The District lacks sufficient knowledge and information to answer the allegations in the first, second, and third sentences in paragraph 12 of the Complaint. The District admits the allegations in the fourth sentence of paragraph 12 of the Complaint.

13.   The District admits only that Ms. Lewis visited Eric at Mercy on or around September 14, 2017 and that DDS denied her request to return Eric to JRC; the District denies the remaining allegations in paragraph 13 of the Complaint.

14.   The District lacks sufficient knowledge and information to answer the allegations in the first and second sentence of paragraph 14 of the Complaint. The District denies the allegations in the third sentence of paragraph 14 of the Complaint.

15.   The District denies the allegations in paragraph 15 of the Complaint.

16.   The allegations in paragraph 16 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

17.   The District denies the allegations in the first sentence of paragraph 17 of the Complaint. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 17.

18.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 18 of the Complaint.

19.     The allegations in paragraph 19 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

## PARTIES

20.     The allegations in paragraph 20 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

21.     The allegations in paragraph 21 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

22.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 22 of the Complaint.

23.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 23 of the Complaint.

24.     The District admits the allegations in paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

25.     The allegations in paragraph 25 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

26.     The allegations in paragraph 26 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District admits that venue in the District of Columbia is proper.

## FACTUAL BACKGROUND

### *Eric's Early Years and Prior Placements*

27.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 27 of the Complaint.

28.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 28 of the Complaint.

29.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 29 of the Complaint.

30.     The third sentence of paragraph 30 is plaintiffs' legal conclusion to which no answer is required; however, to the extent a response is required, the District denies the allegations. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 30.

31.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 31 of the Complaint.

32.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 32 of the Complaint.

33.     The District admits the allegations in paragraph 33 of the Complaint.

### *Eric's Successful Placement at JRC*

34.     ███████████████████████████████████████████

████████████████████████████████████████████████

██████████ The District lacks sufficient knowledge and information to answer the allegations in paragraph 34 of the Complaint.

35.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 35 of the Complaint.

36.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 36 of the Complaint.

37.     The District admits that the District funded Mr. Lewis's placement at JRC for approximately 26 years ███████████████████████ ███████████████████████████████████████████████ ███████████████████████ The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 37 of the Complaint.

38.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 38 of the Complaint.

39.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 39 of the Complaint.

40.     The District denies the allegations in paragraph 40 of the Complaint.

### DDS Removes Eric from JRC and He Substantially Regresses

41.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 41 of the Complaint.

42.     The District denies the allegations in the first sentence of paragraph 42 of the Complaint. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 42.

43.     The District admits the allegations in the first, second, and fourth sentences in paragraph 43 of the Complaint. The District denies the allegations in the third sentence of paragraph 43 of the Complaint.

44.     The District admits only that the Guardians expressed concerns about transferring Eric from JRC to another facility. The District admits the allegations in the second sentence of paragraph 44 of the Complaint. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 44.

45.     The District admits that Mr. Lewis was admitted to Melmark on or about June 14, 2013 but denies the remaining allegations in the first sentence of paragraph 45 of the Complaint. The District admits the allegations in the third and fifth sentences in paragraph 45 of the Complaint. The District lacks sufficient knowledge and information to answer the allegations in the second, fourth, sixth, and seventh sentences in paragraph 45 of the Complaint.

46.     The District lacks sufficient knowledge and information to answer the allegations in the first and third sentences of paragraph 46 of the Complaint. The District admits the allegations in the second sentence of paragraph 46 of the Complaint.

47.     The District admits the allegations in the second sentence of paragraph 47 of the Complaint. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 47 of the Complaint.

48.     The District admits the allegations in the first sentence of paragraph 48 of the Complaint. The District denies the allegations in the second sentence of paragraph 48 of the Complaint.

49.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 49 of the Complaint.

50.     The District admits the allegations in the first two sentences of paragraph 50 of the Complaint. ██████████████████████████████ ██████████████████████ The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 50 of the Complaint.

51.     The District admits that on April 4, 2017 Melmark sent DDS a letter which it stated would serve as a "90 day notice to find an alternative placement." The District admits the allegations in the second and third sentence of paragraph 51 of the Complaint.

52.     The District admits the allegations in the first sentence of paragraph 52 of the Complaint. The District denies the remaining allegations in paragraph 52.

53.     The District admits the allegations in paragraph 53 of the Complaint.

54.     The District denies the allegations in paragraph 54 of the Complaint.

*Eric is Warehoused at Mercy*

55.     ██████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████

56.     The District admits the allegations in the first sentence of paragraph 56 of the Complaint. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 56 of the Complaint.

57.     ███████████████████████████████████████████████████ ████████████████████████████ The District denies the remaining allegations in paragraph 57 of the Complaint.

58.     The District denies the allegations in paragraph 58 of the Complaint.

59.     The District admits the allegations in the first sentence of paragraph 59 of the Complaint. The District denies the remaining allegations in paragraph 59 of the Complaint.

60.     The District admits the allegations in the first sentence of paragraph 60 in the Complaint. The District denies the remaining allegations in paragraph 60 of the Complaint.

61.     The District denies the allegations in the first and second sentences of paragraph 61 of the Complaint. The District lacks sufficient knowledge and information to answer the allegations in the third and fourth sentence of paragraph 61 of the Complaint.

62.     ███████████████████████████████████████████████████ ██████The District denies the remaining allegations in paragraph 62 of the Complaint.

63.     The allegations in paragraph 63 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

64.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 64 of the Complaint.

65.     The District admits that on October 23, 2017, two Mercy physicians provided sworn declarations at the request of DDS, that included diagnoses, in support of the failed attempt of DDS to get a temporary guardian appointed for Mr. Lewis. The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 65 of the Complaint.

66.     The District admits that DDS and Mercy held a conference call regarding Mr. Lewis on November 16, 2017. The District admits that the guardians sent Mercy a letter on October 20, 2017. The District denies the remaining allegations in paragraph 66 of the Complaint.

67.     ███████████████████████████████████████

████████████████████████████████████████████

███████████████  The District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 67 of the Complaint.

68.     The District lacks sufficient knowledge and information to answer the allegations in paragraph 68 of the Complaint.

69.     The District admits the allegations in paragraph 69 of Complaint.

70.   The allegations in paragraph 70 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

71.   The allegations in paragraph 71 of the Complaint are plaintiffs' characterizations of an exhibit attached to the Complaint to which no answer is required; however, to the extent a response is required, the District denies the allegations.

72.   The District lacks sufficient knowledge and information to answer the allegations in paragraph 72 of the Complaint.

### DDS Fails its Attempt to Force Melmark to Re-admit Eric and Eric Continues to Languish at Mercy

73.   The District admits the allegations in paragraph 73 of the Complaint.

74.   The District denies the allegations in paragraph 74 of the Complaint.

75.   The District admits the allegations in paragraph 75 of the Complaint.

76.   The District admits the allegations in paragraph 76 of the Complaint.

77.   The District denies the allegations in paragraph 77 of the Complaint.

### DDS's Failed Attempts to Remove Eric's Family as his Guardians

78.   The District admits only that DDS filed a petition in the Superior Court of the District of Columbia. The District denies the remaining allegations in paragraph 78 of the Complaint.

79.   The allegations in paragraph 79 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

11

80.    The allegations in paragraph 80 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

81.    The District admits that DDS requested that the Superior Court order a transfer of the Massachusetts guardianship to the District of Columbia, and the Guardians filed an objection to the DDS petition. The District denies the remaining allegations in paragraph 81 of the Complaint.

82.    The second sentence in paragraph 82 of the Complaint is plaintiffs' legal conclusion to which no answer is required; the District lacks sufficient knowledge and information to answer the remaining allegations in paragraph 82.

83.    The District lacks sufficient knowledge and information to answer the allegations in paragraph 83 of the Complaint.

84.    The allegations in paragraph 84 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

85.    The allegations in paragraph 85 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

86.    The allegations paragraph 86 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

87.    The allegations in paragraph 87 of the Complaint are plaintiffs' legal conclusions or characterizations of an exhibit attached to the Complaint to which no

answer is required; however, to the extent a response is required, the District denies the allegations.

88.    The allegations in paragraph 88 of the Complaint are plaintiffs' legal conclusions or characterizations of an exhibit attached to the Complaint to which no answer is required; however, to the extent a response is required, the District denies the allegations.

89.    The allegations in paragraph 89 of the Complaint are plaintiffs' legal conclusions or characterizations of an exhibit attached to the Complaint to which no answer is required; however, to the extent a response is required, the District denies the allegations.

90.    The allegations in paragraph 90 of the Complaint are plaintiffs' legal conclusions or characterizations of an exhibit attached to the Complaint to which no answer is required; however, to the extent a response is required, the District denies the allegations.

91.    The allegations in paragraph 91 of the Complaint are plaintiffs' legal conclusions or characterizations of an exhibit attached to the Complaint to which no answer is required; however, to the extent a response is required, the District denies the allegations.

92.    The allegations in paragraph 92 of the Complaint are plaintiffs' legal conclusions or characterizations of an exhibit attached to the Complaint to which no answer is required; however, to the extent a response is required, the District denies the allegations.

93.     The allegations in paragraph 93 of the Complaint are plaintiffs' legal conclusions or characterizations of an exhibit attached to the Complaint to which no answer is required; however, to the extent a response is required, the District denies the allegations.

94.     The allegations in paragraph 94 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District denies the allegations.

95.     The District admits the allegations in paragraph 95 of the Complaint.

96.     The District denies the allegations in the first and second sentences of paragraph 96 of the Complaint. The District lacks sufficient knowledge and information to answer the allegations in the third sentence of paragraph 96 of the Complaint. The District admits that DDS has not provided the Guardians with an acceptance letter from any of the providers referenced in paragraph 96; however, the District denies the remaining allegations in the fourth sentence of paragraph 96 of the Complaint.

97.     The District admits only that JRC has accepted Mr. Lewis and denies the remaining allegations in paragraph 97 of the Complaint.

98.     The allegations in paragraph 98 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

## CAUSES OF ACTION

### COUNT I
### Discrimination and Retaliation in Violation of Title II of the
### Americans with Disabilities Act, 42 U.S.C. §§ 12131, *et seq.*

99.    The allegations in paragraph 99 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 98.

100.    The allegations in paragraph 100 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

101.    The allegations in paragraph 101 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

102.    The allegations in paragraph 102 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

103.    The allegations in paragraph 103 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

104.    The allegations in paragraph 104 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

105.    The allegations in paragraph 105 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

106.    The allegations in paragraph 106 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

107.    The allegations in paragraph 107 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

108.    The allegations in paragraph 108 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

109.    The allegations in paragraph 109 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

110.    The allegations in paragraph 110 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

111.    The allegations in paragraph 111 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

## COUNT II
### Discrimination and Retaliation in Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794

112.    The allegations in paragraph 112 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 111.

113.    The allegations in paragraph 113 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

114.    The allegations in paragraph 114 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

115.    The allegations in paragraph 115 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

116.    The allegations in paragraph 116 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

117.    The allegations in paragraph 117 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

118.    The allegations in paragraph 118 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

119.    The allegations in paragraph 119 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

**COUNT III**
**Violation of 42 U.S.C. § 1983 and the**
**Fifth Amendment of the United States Constitution**
**(Equal Protection)**

120.    The allegations in paragraph 120 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 119.

121.    The allegations in paragraph 121 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

122.    The allegations in paragraph 122 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

123.    The allegations in paragraph 123 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

124.    The allegations in paragraph 124 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

125.    The allegations in paragraph 125 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

126.    The allegations in paragraph 126 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

## COUNT IV
### Violation of 42 U.S.C. § 1983 and the
### Fifth Amendment of the United States Constitution
### (Substantive Due Process)

127.    The allegations in paragraph 127 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 126.

128.    The allegations in paragraph 128 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

129.    The allegations in paragraph 129 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

130.    The allegations in paragraph 130 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

131.    The allegations in paragraph 131 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

132.    The allegations in paragraph 132 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

## COUNT V
### Violation of District of Columbia Citizens with Intellectual Disabilities Constitutional Rights and Dignity Act of 1978 (D.C. Code §§ 7-1301.01 *et seq.*; 7-1305.13; 7-1305.14)

133.    The allegations in paragraph 133 of the Complaint are plaintiffs' legal conclusions to which no answer is required; however, to the extent a response is required, the District adopts and incorporates by reference its answers to paragraphs 1 through 132.

134.    The allegations in paragraph 134 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

135.    The allegations in paragraph 135 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

136.    The allegations in paragraph 136 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

137.    The allegations in paragraph 137 of the Complaint are plaintiffs' legal conclusions to which no answer is required.

### PRAYER FOR RELIEF

The allegations in paragraphs 1 through 9 of the Complaint's Prayer for Relief are plaintiffs' requested relief to which no answer is required.

### THIRD DEFENSE

The District acted at all times consistently with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

### FOURTH DEFENSE

The District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward the plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

### FIFTH DEFENSE

Plaintiffs are barred from proceeding by the doctrine of estoppel.

### SIXTH DEFENSE

Neither attorney's fees nor costs are recoverable against the District in this case.

### SEVENTH DEFENSE

Plaintiffs may not have standing to proceed on all of their claims.

### EIGHTH DEFENSE

Plaintiffs' claims against the District are barred by sovereign immunity.

### NINTH DEFENSE

The District, its agents, servants, and employees, acting within the course and scope of their employment, are protected by qualified immunity.

### TENTH DEFENSE

The District, its agents, servants, and employees, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

## ELEVENTH DEFENSE

Plaintiffs may have failed to exhaust their administrative remedies and failed to comply with other mandatory filing requirements.

## TWELFTH DEFENSE

Plaintiffs' claims may be barred by the applicable statutes of limitations.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to any equitable relief because of their own actions or inactions.

## FOURTEENTH DEFENSE

Plaintiffs lack standing; if plaintiffs suffered damages as alleged in the Complaint, said damages were not proximately caused by the District, its agents, servants, or employees acting within the course and scope of their employment.

## FIFTEENTH DEFENSE

Plaintiffs or persons acting on their behalf consented to the actions of the District, its agents, servants, and employees.

## SIXTEENTH DEFENSE

The District reserves the right to amend this Answer and assert all defenses that facts learned through discovery or at trial may reveal.

Dated:  January 31, 2018.                    Respectfully submitted,

                                             KARL A. RACINE
                                             Attorney General for the District of Columbia

                                             CHAD COPELAND
                                             Acting Deputy Attorney General
                                             Public Interest Division

/s/ Toni Michelle Jackson
TONI MICHELLE JACKSON [453765]
Chief, Equity Section

/s/ Amanda J. Montee
AMANDA J. MONTEE [1018326]
ROBERT RICH [1016908]
Assistant Attorneys General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Telephone:  (202) 724-5691/724-6591
Facsimile:  (202) 741-8934
Email:  amanda.montee@dc.gov;
        robert.rich@dc.gov

*Counsel for Defendant District of Columbia*